[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION AND OBJECTION TO MOTION FOR CONTEMPT AND PLAINTIFF'S OBJECTION THERETO (DOCKET NOS. 127 AND 127.50)
The defendant has filed a motion for modification to reduce the award of unallocated child support and alimony `to an amount that is commensurate with his current level of income and expenses.' The defendant alleges that there has been a substantial change in circumstance relative to the defendant's financial condition and alleges further that his expenses have increased, his liabilities have increased and the value of his assets have decreased. The defendant has testified to all of these.
If one compares the defendant's financial affidavit of May 3, 1991 with his financial affidavit of August 7, 1990, one; finds the defendant's net weekly income has increased from $649.00 per week to $711.00 per week. His assets, consisting of, his business, his real property interests and other assets are those that the court left him with after the decree. If the value of any of these assets has decreased, there was no evidence offered by the defendant to that effect. The primary position of the defendant is that his debts in the business and other debts have increased so as to cause the value of his business to decrease.
The new indebtedness is that shown on exhibit C excluding the first four items amounting to $72,076.00. Subtracting this amount from the other debts set forth in exhibit C results in a figure of $65,277.00. The difficulty is that this figure of indebtedness means nothing without CT Page 4486 information as to the assets of the business such as bank account balances, cash on hand, accounts receivable and inventory. This information was not offered during the course of the trial and has not been offered in this proceeding.
The defendant has the burden of proof on his motion for modification on the grounds of a substantial change in circumstances. The court finds that the defendant has not sustained that burden.
The defendant has claimed that the plaintiff has a substantial change in her financial situation such that a modification of the present orders should be granted. The defendant's evidence regarding Mr. Nava or Mr. Nava's daughter, Jennifer, falls short of the proof necessary pursuant to the requirements of 46b-86 (b) or 46b-86 (a) of the General Statutes. The plaintiff has no gainful employment, her weekly expenses have increased, the loans to her mother have increased and she now has a $1,280.00 Visa bill. The plaintiff's finances have, indeed, worsened by reason of the increase in her medical expenses for insurance and unreimbursed doctor's visits and expenses for medical supplies.
The second paragraph of the defendant's motion seeks modification of court ordered counsel fees or constituted an objection to the plaintiff's motion for contempt which was ruled upon by the court on March 25, 1991. To the extent that this seeks modification of the court's order of counsel fees, the motion is denied as not properly lying under the provisions of46b-86 (a) of the General Statutes which limits modification to "periodic" payments. To the extent that it constitutes an objection to the motion for contempt, the court has ruled on the motion for contempt, and the defendant, by his own choice, chose to file an individual return for 1989.
On the issue of the joint tax return, there was testimony at the trial that a joint income tax return for 1989 had been furnished to the plaintiff and upon that return a $12,700.00 refund was computed to be due. The court ordered that the defendant should have the benefit of that refund. (See pages 13 and 21, paragraph 14 of the Memorandum of Decision.) The court did not order that the parties were to file a joint income tax return for 1989. Such an order was beyond the power of the court to enter short of an agreement of the parties. Kane v. Pansy, 24 Conn. App. 307 (1991).
As to the remaining allegations of the defendant's motion that the plaintiff has refused to comply with bank requirements on bank loans, there has been no proof of the plaintiff's failure to cooperate. As to the $115,000.00 note, CT Page 4487 the plaintiff was not a cosigner of this obligation.
For all the foregoing reasons, the defendant's motion is denied. The plaintiff's objection to the defendant's motion is sustained.
On the plaintiff's request for counsel fees, the court has dealt with that issue on the plaintiff's motion for contempt.
EDGAR W. BASSICK, III, JUDGE